IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silvino Garcia-Perez,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina S. Kane, et al.,<br><br>    Respondents. | No. CV-13-1870-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Silvino Garcia-Perez filed a Petition for Writ of Habeas Corpus. He alleges that (1) he has suffered prolonged detention and is thus entitled to a bond redetermination hearing under *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013), and (2) his convictions do not make him a danger to the community. The Court agrees with Respondents that (1) Garcia-Perez is not entitled to a bond redetermination hearing at this time, and (2) this Court does not have jurisdiction to review the immigration court's determination that Garcia-Perez is a danger to the community.

**BACKGROUND**

Garcia-Perez is a native and citizen of Mexico. On January 8, 2013, he was taken into custody by Immigration and Customs Enforcement (ICE) and placed in removal proceedings. On February 7, 2013, ICE found that Garcia-Perez was a danger to the community and denied his request for release on bond. Garcia-Perez requested that the immigration judge (IJ) conduct a bond redetermination hearing. On March 14, 2013, the IJ issued a written

1 order denying bond. On May 3, 2013, Garcia-Perez appealed the IJ's denial of bond to the
2 Bureau of Immigration Appeals (BIA). On June 10, 2013, the BIA affirmed the denial of
3 bond.

4 On July 17, 2013, the IJ ordered the removal of Garcia-Perez from the United States.
5 On November 20, 2013, the BIA affirmed the order of removal. Garcia-Perez then petitioned
6 for review in the Ninth Circuit Court of Appeals. Until the Ninth Circuit made its decision,
7 it ordered a temporary stay of removal. On March 11, 2014, the Court of Appeals dismissed
8 the petition for lack of jurisdiction and terminated the temporary stay of removal.

9 On July 26, 2013, while Garcia-Perez was awaiting the BIA's decision on his appeal,
10 Garcia-Perez moved for a bond redetermination hearing under *Rodriguez*. On August 20,
11 2013, the IJ denied Garcia-Perez's motion because *Rodriguez* was inapplicable. On
12 September 10, 2013, previous to when the BIA affirmed the order of removal, Garcia-Perez
13 filed this Petition for Writ of Habeas Corpus.

14 **DISCUSSION**

15 1.  Entitlement to a Bond Redetermination Hearing

16 Garcia-Perez argues that he is entitled to a bond redetermination hearing because, he
17 alleges, the Ninth Circuit has determined that detention always becomes prolonged at six
18 months under *Rodriguez*. In *Rodriguez*, the Ninth Circuit held that aliens whose removal
19 proceedings are pending are entitled to bond hearings if their detention has become
20 prolonged, which the Court of Appeals has defined as longer than six months. 715 F.3d at
21 1139. However, *Rodriguez* applies only when removal proceedings are pending. Once
22 removal proceedings are final, the alien is then entitled to a bond hearing only if he has not
23 been removed within six months of the final removal order. *Diouf v. Napolitano*, 634 F.3d
24 1081, 1092 (9th Cir. 2011).

25 Here, Garcia-Perez's removal order became final after he submitted his Petition for
26 Writ of Habeas Corpus, and he has not been detained for longer than six months since it

27

28
- 2 -

became final. Therefore, Garcia-Perez's Petition for Writ of Habeas Corpus is not supported by Ninth Circuit authority and is likely moot.

2.  <u>Jurisdiction over a Danger to the Community Determination</u>

Garcia-Perez also argues that he was not properly found to be a danger to the community. However, the Court lacks jurisdiction to consider this issue. "No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e) (2012).

**IT IS THEREFORE RECOMMENDED** that Silvino Garcia-Perez's petition for writ of habeas corpus be **dismissed**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file objections timely to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file objections timely to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 17th day of June, 2014.

_____
David K. Duncan
United States Magistrate Judge